UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM R. PERKINS, | : |
| Plaintiff | : |
| v. | : CIVIL NO. 4:CV-05-1225 |
| JEFFREY A. BEARD, ET AL., | : (Judge McClure) |
| Defendants | : |

## **MEMORANDUM AND ORDER**

August 15, 2005

**Background**

      This pro se civil rights action pursuant to 42 U.S.C. § 1983 was initiated by William Richard Perkins ("Plaintiff"), an inmate currently confined at the Retreat State Correctional Institution, Hunlock Creek, Pennsylvania ("SCI-Retreat"). Along with his complaint, Plaintiff has submitted an application requesting leave to proceed in forma

1

pauperis.[1] For the reasons outlined below, Perkins' complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Named as Defendants are SCI-Retreat Superintendent Charles Erickson; Secretary Jeffrey A. Beard and Diagnostic and Classification Coordinator Donald Williamson of the Pennsylvania Department of Corrections ("DOC"). Plaintiff states that during April, 2003, he was approved for an "Incentive/promotional transfer" to the State Correctional Institution, Graterford, Pennsylvania ("SCI-Graterford"). Record document no. 1, ¶ V. Perkins notes that his request for transfer was granted on the basis of his good conduct and that SCI-Graterford was located closer to his family. However, the request for transfer was subsequently denied by the DOC due to the placement of "a cap on class level II status inmates." Id. Thereafter, Perkins was transferred to other state correctional facilities including his current place of incarceration, SCI-Retreat which is: further away from his home, caused a decrease in his salary from institutional employment, and prevented him from self medicating. Specifically, rather then being allowed to keep his HIV medications in his cell, Perkins

---

1. Perkins completed this Court's form application to proceed in forma pauperis and authorization to have funds deducted from his prison account. The Court then issued an Administrative Order directing the Superintendent at SCI-Retreat to commence deducting the full filing fee from Plaintiff's prison trust fund account.

states that he must now wait in line three times daily in order to obtain his medicine. His complaint additionally notes that two fellow inmates were transferred to SCI-Graterford.

Plaintiff contends that because he had earned a transfer, the subsequent denial of his request violated DOC policy as well as his constitutional equal protection and due process rights. Perkins seeks injunctive relief, specifically, a transfer to SCI-Graterford, reinstatement of his self-medication privileges and Class Level II status. He is also requesting monetary compensation for his lost institutional wages.

**Discussion**

28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed in forma pauperis under 28 U.S.C. § 1915, e.g., the full filing fee ultimately must be paid (at least in a non-habeas suit). § 1915(e)(2) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

When considering a complaint accompanied by a motion to proceed in forma pauperis, a district court may rule that process should not be issued if the

complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989). Indisputably meritless legal theories are those "in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit . . . ." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

The United States Court of Appeals for the Third Circuit has added that "the plain meaning of 'frivolous' authorizes the dismissal of in forma pauperis claims that . . . are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995). It also has been determined that "the frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. Denton, 504 U.S. at 33.

**Custody Classification/Transfer**

With respect to the purported change in Perkins' custody classification, the United States Supreme Court has held that inmates have "no legitimate statutory or

constitutional entitlement" to any particular custodial classification even if a new classification would cause that inmate to suffer a "grievous loss." Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); James v. Reno, 39 F. Supp. 2d 37, 40 ( D.D.C. 1999)(citation omitted)( a federal inmate "has no liberty interest in his security classification"). Consequently, the complaint to the extent that it seeks reinstatement of the Plaintiff's DOC class level II designation is subject to dismissal.

It is equally well-settled that a prisoner has no justifiable expectation that he will be incarcerated in a particular prison. Olim v. Wakinekona, 461 U.S. 238 (1983). In Montanye v. Haymes, 427 U.S. 236, 242 (1976), the Supreme Court held that "[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." Id. at 242.

On the same day, the Supreme Court decided the seminal case of Meachum v. Fano, 427 U.S. 215, 216, reh'g denied, 429 U.S. 873 (1976), holding that no liberty interest under the Due Process Clause of the Fourteenth Amendment is infringed upon when an inmate is transferred, with or without a hearing, to another state correctional institution with substantially less favorable conditions. The Court added that where the state does not provide a liberty interest in being housed at a particular institution, prison officials may transfer an inmate "for whatever reason or for no reason at all."

Meachum, 427 U.S. at 228. Pennsylvania law leaves the housing of inmates in particular institutions to the discretion of state officials. See 37 Pa. Code § 93.11(a); Hannon v. Terra, 1995 WL 129219 at *11 (E.D. Pa. 1995). Accordingly, an inmate can only state a claim if a transfer was made for some constitutionally impermissible reason such as retaliation against the prisoner's exercise of constitutionally protected rights. See, e.g., Jackson v. Cain, 864 F.2d 1235, 1248 (5th Cir. 1989).

Likewise, placement in a correctional facility which is far from family and friends does not implicate a constitutionally protected interest. Simply put, Pennsylvania state inmates have no right to a transfer to a prison for the purpose of being near family members. See Davis v. Carlson, 837 F.2d 1318, 1319 (5th Cir. 1988); Jackson v. Johnson, 15 F. Supp. 2d 341, 366-67 (S.D.NY 1998)(no constitutional right for a prisoner to be held in a prison near his residence). Perkins did not enjoy a constitutional right to be housed in a particular state correctional facility and there are no assertions of retaliation set forth in the complaint. Consequently, the DOC's denial of Plaintiff's request to be transferred to a prison closer to home does not assert a cognizable § 1983 claim.

**Institutional Employment**

An inmate does not have a protected liberty or property interest in continued prison employment. James v. Quinlan, 866 F.2d 627, 629-30 (3d Cir.), cert. denied, 493 U.S. 870 (1989); Bryan v. Werner, 516 F.2d 233, 240 (3d Cir. 1975). The right to

6

earn wages while incarcerated is a privilege, not a constitutionally guaranteed right.  In Sandin v. Conner, 515 U.S. 472 (1995), the Supreme Court held that while under certain circumstances, states may create liberty interests protected by the Due Process Clause,

> these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . ., nonetheless imposes  atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Id. at 484 (citations omitted).  Furthermore, although Sandin "did not instruct on the correct methodology for determining when prison regulations create a protected property interest[,]" as opposed to a liberty interest, the "law is well established . . . that an inmate's expectation of keeping a specific prison job, or any job, does not implicate a protected property interest." Bulger v. United States Bureau of Prisons, 65 F.3d 48, 50 (5th Cir. 1995).  See also Coakley v. Murphy, 884 F.2d 1218, 1221 (9th Cir. 1989) (holding inmates have no property interest in continuing in work-release program); Ingram v. Papalia, 804 F.2d 595, 596 (10th Cir. 1986) (finding Constitution does not create a property interest in prison employment).

Pursuant to the above discussion, the Plaintiff's request for compensation due to a decrease in the amount of his salary from institutional employment does not set forth a valid claim of constitutional misconduct.

7

**Medical Treatment**

Pursuant to the Supreme Court's decision in Estelle v. Gamble, 429 U.S. 97 (1976), an inmate plaintiff must demonstrate that prison officials have breached the standard of medical treatment to which he was entitled. The government has an "obligation to provide medical care for those whom it is punishing by incarceration." Id. at 103. However, a constitutional violation does not arise unless there is "deliberate indifference to serious medical needs of prisoners" which constitutes "unnecessary and wanton infliction of pain." Id. at 104 (citation omitted). A later decision by the Supreme Court established that the proper analysis for deliberate indifference is whether a prison official "acted or failed to act despite his knowledge of a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 841 (1994).

Thus, a complaint that a physician or a medical department "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment [as] medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106. Where a prisoner has actually been provided with medical treatment, one cannot always conclude that, if such treatment was inadequate, it was no more than

mere negligence.  See Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993).  It is true, however, that if inadequate treatment results simply from an error in medical judgment, there is no constitutional violation.  See id.

In the present case, there are no allegations that the Plaintiff was denied medical care or that needed treatment was improperly delayed.  Rather, Perkins alleges only that due to his transfer to a different state correctional facility he must now wait in line in order to obtain his medication.  Based on an application of the standards set forth in Farmer and Estelle, this allegation simply does not rise to the level of a viable constitutional claim.

Since Perkins' complaint is "based on an indisputably meritless legal theory," it will be dismissed, without prejudice, as legally frivolous.   Wilson, 878 F.2d at 774.  Under the circumstances, this Court is confident that service of process is not only unwarranted, but would waste the increasingly scarce judicial resources that § 1915 is designed to preserve.  See Roman, 904 F.2d at 195 n.3.  Consequently,

**IT IS HEREBY ORDERED THAT:**

1. Plaintiff's in forma pauperis motion is construed as a motion to proceed without full prepayment of fees and costs and the motion is granted.

2. The complaint is dismissed, without prejudice, as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

3. The Clerk of Court shall close this case.

4. Any appeal taken from this order will be deemed frivolous, without probable cause, and not taken in good faith.

    s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge